P. F. COLLINS ET AL. v. O. W. BARNES.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON
PLEAS NO. 2 OF ALLEGHENY COUNTY.

Argued October 29, 1889—Decided November 11, 1889.

(a) An action, originally in case, was by leave of court subsequently
changed to covenant and a declaration in covenant filed; after which,
by leave of court the action was again changed to case, and a declara-
tion in case filed.

1. The cause of action remaining the same, it was not error to allow such
amendments, and to admit evidence on the part of the plaintiff of the
parol agreement upon which the declaration in case was based.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WIL-
LIAMS, McCOLLUM and MITCHELL, JJ.

No. 42 October Term 1889, Sup. Ct.; court below, No. 217
January Term 1874, C. P. No. 2.

On November 28, 1873, a summons in case was served in an
action by P. F. Collins and J. M. Moorhead, partners as P. F.
Collins & Co., against O. W. Barnes.

On December 16, 1873, by leave of court the form of action
was changed from case to covenant, and a declaration in cove-
nant filed. Issue. A trial was had on May 11, 1875, the ac-
tion being then, as it seemed, changed to debt,[1] resulting in a
verdict and judgment thereon in favor of the defendant, which
judgment on writ of error to the Supreme Court was reversed
on November 13, 1876: Collins v. Barnes, 83 Pa. 15.

The record having been remitted to the court below, on Jan-
uary 27, 1877, the plaintiffs moved the court to strike off the
amendments theretofore allowed, so that the action should be
case as originally brought, and not covenant or debt as subse-
quently changed by amendments. Objected to. Amendment
allowed.[2] On June 1, 1877, the plaintiffs were permitted to
file an amended declaration in case,[3] the court overruling ex-
ceptions filed by the defendant.[4]

At the second trial on November 30, 1886, a case being
shown the essential facts of which appear in the former report:

Collins v. Barnes, 83 Pa. 15, the plaintiffs, under objection and exception to the defendant, adduced testimony tending to show that after the completion of work by plaintiffs under their contract with defendant, suit was brought by them in the matter of an attachment in the state of New York against defendant, and that suit was also brought by defendant in the state of Connecticut against the Connecticut Western Railroad Co.; that the suit brought by defendant against the railroad company was to recover among other things, for alleged under-estimates and extra work upon plaintiffs' sections, for which they had not been paid; that an agreement was entered into between plaintiffs and defendant in this case that if they would not further prosecute their attachment suit in the state of Connecticut, but would co-operate with the defendant in his suit against the Connecticut Western Railway Co., he would, in case of receiving anything from the Connecticut Western Railway Co., on account of those particular sections for which plaintiffs had a claim against him, pay them from what he received from the railway company on account of other work; that the plaintiffs did co-operate with defendant in his suit against the railway company; that he recovered by way of compromise with the company, a large amount of money, including an allowance for work done by plaintiffs on their sections, which he declined to pay over to plaintiffs.[5]

At the close of the testimony the defendant requested the court to charge:

2. That the original suit having been changed from case to covenant, and the first declaration filed having been in covenant on the written sealed contract between the parties, the present testimony so far as it tends to form a parol contract alleged to have been made in the summer of 1872, should be ruled out and not considered by the jury, because it constitutes a different cause of action from that originally sued on, and their verdict should be for the defendant.

Answer: Refused.[8]

The jury returned a verdict in favor of the plaintiffs for $26,700. On December 24, 1886, after the hearing of a rule for a new trial, the court made an order that unless the plaintiffs, within thirty days, should file a stipulation to reduce the

verdict to two thirds the amount returned by the jury, a new trial should be granted. The stipulation being filed, the rule for a new trial was discharged, and judgment was entered in favor of the plaintiffs for $17,800. Thereupon the defendant took this appeal, assigning for error:

1–4. The orders relating to plaintiffs' amendments.[1 to 4]

5. The admission of plaintiffs' offer.[5]

8. The answer to defendant's point.[8]

*Mr. H. Burgwin* (with him *Mr. G. C. Burgwin*), for the appellant.

Counsel cited: Tryon v. Miller, 1 Wh. 11; Schoneman v. Fegley, 7 Pa. 433; Smith v. Bellows, 77 Pa. 441; Steffy v. Carpenter, 37 Pa. 41; Royse v. May, 93 Pa. 454; Reitzel v. Franklin, 5 W. & S. 33; Tyrrill v. Lamb, 96 Pa. 464; Murphy v. Crawford, 114 Pa. 496; Finley v. Hanbest, 30 Pa. 190.

*Mr. John Dalzell* (with him *Mr. D. T. Watson, Mr. Wm. Scott* and *Mr. G. B. Gordon*), for the appellees.

Counsel cited: Section 1, act of May 10, 1871, P. L. 265; Collins v. Barnes, 83 Pa. 15; Franklin v. Mackey, 16 S. & R. 117.

PER CURIAM:

A careful examination of this case fails to disclose error. The legal principles involved were in the main settled when the case was here before. See Collins v. Barnes, 83 Pa. 15. The errors assigned relate principally to matters occurring on the trial below. As, however, the trial appears to have been conducted in accordance with the principles indicated in the former opinion, we see no just cause of complaint. There is no objection to the filing of the amended narr, referred to in the first four specifications of error. There was no change of the cause of action. The objections to the admission of evidence are covered by the former opinion. The real trouble of the plaintiff in error is that he has the verdict of the jury against him.

Judgment affirmed.