## Fair v. Murray.

*Practice—Statement of claim—Requirements of Practice Act of 1915.*

1. The Practice Act of May 14, 1915, P. L. 483, requires that, if the plaintiff be represented in the action by an attorney, the statement of claim shall be signed by such attorney, and, therefore, when this is not done, the statement is irregular and may be stricken off.

2. This statement held to be lacking in the degree of particularity that defendant is entitled to demand, and the filing of a more specific statement to take its place when stricken off, suggested.

Motion to strike off statement. C. P. Washington Co., Aug. T., 1925, No. 634.

*William N. Butler*, for plaintiff; *R. W. Knox*, for defendant.

BROWNSON, P. J.—The writ in this case was issued in trespass, but the statement of claim declares in *assumpsit* upon a contract, for a partial breach of which the plaintiff seeks to recover damages. The defendant's brief states that no question as to the form of the action is desired to be raised, and as the form of action may, if this be necessary, be amended (Gould *v.* Gage, 118 Pa. 559, 563; Com. *v.* Press Co., 156 Pa. 516, 523; Collins *v.* Barnes, 130 Pa. 356), we may, in disposing of the questions which are raised, treat this as an action of *assumpsit*, giving leave to the plaintiff to amend.

The Practice Act of May 14, 1915, P. L. 483, requires that if the plaintiff be represented in the action by an attorney, the statement of claim shall be signed by such attorney: Section 9. This was not done in the present case, and, as the act specifically requires it, the statement is irregular.

The statement sets out a signed memorandum of an agreement to deliver to the plaintiff on April 1, 1925, by leaving them on a farm which defendant sold to plaintiff, a number of articles of personal property, embracing, *inter alia*, "2 horses, . . . 2 hoes, . . . 1 writing desk." The statement avers that defendant failed and refused to deliver one of the two horses, and also the two hoes and the writing desk, and claims damages therefor in the lump sum of $150, without stating the value of each of these items of personal property. We think these values should be stated, so that the defendant, when he files his affidavit of defence, may make an intelligent and definite answer, admitting such of them as he may not dispute and denying such as he may wish to contest, with the result of limiting the issue to be tried to such matters as are actually in dispute.

It is further objected that, as the contract calls for the leaving on the farm of two horses (which may differ in value), and the claim is that only one of them was missing when the plaintiff took possession, there should be some description by means of which defendant may know which horse is claimed not to have been delivered. As the farm in question is located in Ohio and the defendant lives in Pennsylvania, the circumstances seem to be such that it is reasonable that he should have some such information. Whether the proper means of compelling this should be a rule to strike off, or a rule for a more specific statement, we need not go into, as the statement is to be stricken off for other reasons, and when a new statement is filed, the plaintiff can and should give the facts therein with more particularity.

And now, Feb. 14, 1926, the plaintiff's statement of claim is stricken off and leave is given to the plaintiff to file a new statement of claim within thirty days from this date. Leave is also granted to the plaintiff to amend the form of the action.

From Harry D. Hamilton, Washington, Pa.